UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK
----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :    ECF
COMMISSION, :
                            Plaintiff, :
                                    :    Civil Action No: 05 CV 4482
                       v.                 :    (LDW) (AKT)
:
JAPANESE FOOD SOLUTIONS, INC. :
(d/b/a MINADO RESTAURANT), :
:
                            Defendant. :
----------------------------------------------------------x

## CONSENT DECREE

This cause of action was initiated on September 22, 2005, by the United States Equal Employment Opportunity Commission ("EEOC") alleging that Japanese Food Solutions, Inc.(d/b/a Minado Restaurant) ("Defendant") engaged in unlawful employment practices on the basis of national origin in violation of Title VII the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.* ("Title VII"). EEOC alleged that Defendant engaged in national origin discrimination against Zuo Zhou Lin and a class of similarly situated employees of Chinese descent by maintaining an English-only Rule which was enforced only against employees of Chinese descent and by otherwise discriminating against them in regard to their terms, conditions or privileges of employment, all in violation of Title VII. Defendant specifically denies any and all allegations of wrongful acts against Zuo Zhou Lin or any other employee on the part of itself, its employees or agents.

1

The Parties agree that it is in their mutual interests to fully resolve the matter without further litigation. In consideration of the mutual promises, agreements and consideration contained herein, EEOC and Defendant do hereby stipulate and consent to the entry of this Decree as final and binding between the Parties and any entity that acquires Defendant or into which Defendant is merged or consolidated.

This Decree resolves the national origin discrimination and retaliation claims presented by EEOC's Complaint and Charge Nos. 160-2005-01440 and 160-2005-02794. This Decree in no way affects EEOC's right to process any future charges that may be filed against Defendant, including a charge filed by a member of the Commission and to commence civil actions on any such charges. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. Nothing in this Decree shall be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises and representations contained herein.

The Parties agree that this Court has jurisdiction over the subject matter of this action and the Parties for the duration of this Decree, that venue is proper, and that all administrative prerequisites have been met. The Parties further agree that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

1. In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS: Defendant and its agents are enjoined from discriminating against any employee or applicant because of his or her national origin, including, but not limited to: refusing to hire an applicant because of his or her

national origin, subjecting an employee to harassment because of his or her national origin, subjecting an employee to an English Language Policy and reducing an employee's work hours or assigning an employee less favorable shifts because of his or her national origin. Additionally, Defendant and its agents are enjoined from retaliating against any employee or applicant who complains of discrimination or cooperates with an investigation of a discrimination complaint.

2. Defendant shall pay a total of $130,000 ("Monetary Amount") to Zuo Zhou Lin and a class of similarly situated employees of Chinese descent ("Claimants") whose members are determined and identified by EEOC. The EEOC shall notify Defendant by letter the names of the Claimants, including their addresses and individual amounts, within 45 days of the date of the beginning of the publication announcement of the Legal Notice addressed in paragraph three (3) below. No part of this Monetary Amount shall be spent on the costs of implementing this Decree or for any other injunctive relief put forth in this Decree. Defendants shall deliver checks to the Claimants within ten (10) business days of receiving the letter by the EEOC. Defendant shall provide Claimants with a Form 1099 for compensatory damages and a W2 for backpay damages. Backpay damage payments shall be in the form of net checks subject to all required payroll withholdings. Defendants shall also provide EEOC copies of all checks, within five (5) days of the mailing of the checks to the Claimants.

3. Within forty-five (45) business days of entry of the consent decree, EEOC shall arrange for the publication of the Legal Notice set forth as Exhibit A in the following media outlets: World Journal, Ming Pao Daily News and WZRC AM radio station. The Legal

Notice shall assist EEOC in identifying the class of similarly situated employees of Chinese descent who claim they have been discriminated against and are a part of this lawsuit. Defendant agrees to contribute to the publication costs of the Legal Notice in a total amount not to exceed $3983.90 within ten (10) business days of receiving copies of invoices for same from the EEOC. World Journal and Ming Pao shall publicize the Legal Notice for two consecutive weeks; World Journal on Tuesday, Thursday, and Saturday, and Mao Pao from Friday to Sunday. WZRC AM shall publicly announce the Legal Notice twice a day for five (5) consecutive days.

4. Defendant shall rescind its English Language Policy and will advise all employees of the rescission through the Notice attached as Exhibit B. Additionally, Defendant will post this Notice in employee break areas and places where employee notices are posted for the duration of this Decree.

5. Within two (2) months of the date of entry of this Decree and once each calendar year thereafter, Defendant shall provide a two (2) hour anti-discrimination training for all staff and one (1) additional hour for management personnel, to be conducted by The Bar Fly Group, an outside trainer approved by EEOC. This training shall at a minimum cover the following: (a) a summary of the laws governing retaliation and discrimination on the basis of national origin, sex, race, religion, color, age, and disability; (b) examples of conduct prohibited under the applicable laws and Defendant's anti-discrimination policies; (c) case studies covering a variety of scenarios and a question/answer session; and (d) a summary of the procedures and policies that Defendant has instituted to prevent all forms of discrimination, including procedures regarding receiving, documenting and

investigating claims of discrimination. Defendant shall forward to EEOC a summary of the topics covered and a copy of the attendance sheet(s) within ten (10) days of the completion of the training program.

6. Within five (5) days of the entry of this Decree, Defendant shall post and maintain, in employee break areas and places where employee notices are posted, the notice of non-discrimination attached as Exhibit B.

7. Within five (5) days of the entry of this Decree, Defendant shall adopt the non-discrimination policy and complaint procedure attached as Exhibit C and disseminate it to all its employees.

8. Defendant shall maintain any and all record of any complaint of discrimination or retaliation for the duration of this Decree. Additionally, Defendant shall maintain any and all record of an investigation and resolution of any such complaint of discrimination or retaliation for the duration of this Decree.

9. Upon three business days' notice by EEOC, Defendant shall make available any person within its employ whom EEOC requests and identifies for purposes of verifying compliance with this Decree and shall permit a representative of EEOC to enter Defendant's premises, as well as to review documents, for such purposes. Defendant shall not discourage employees from participating in these interviews.

10. Each party shall bear its own attorney fees and costs incurred in this action.

11. This Decree constitutes the complete understanding between the Parties hereto. No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties. No waiver, modification or amendment or any provision of the Consent Decree

shall be effective unless made in writing, approved by all Parties to this Decree and approved by the Court or ordered by the Court.

12. This Decree will remain in effect for a period of three years from the date of entry of this Decree by the Court.

Dated: New York, New York

February 15, 2007

By _____
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Elizabeth Grossman
Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney

Stella N. Yamada
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Tel: (212) 336-3689
Fax: (212) 336-3623

Dated: Hackensack, New Jersey

February 7, 2007

By _____

Daniel P. Simpson, Esq.
Attorney for Defendant
Newman & Simpson, LLP
The Armour Building
32 Mercer Street
Hackensack, NJ 07601
Tel: 201-487-0200
Fax: 201-487-8570

SO ORDERED:

_____    Date: 2/21/07
Hon. Wexler, U.S.D.J.
Central Islip, N.Y.

6

# Exhibit A

## **LEGAL NOTICE**

The United States Equal Employment Opportunity Commission ("EEOC") is a federal agency that serves the public by enforcing federal laws against discrimination in the workplace, including discrimination based on race and national origin.

On ____ 2006, EEOC and Japanese Food Solutions, Inc., a restaurant business located in Carle Place, Long Island, agreed to settle a lawsuit EEOC filed against the restaurant on September 22, 2005. A consent decree was approved by Honorable Leonard D. Wexler of the United States District Court for the Eastern District on _____. The lawsuit claimed that the restaurant discriminated against employees of Chinese origin, including not allowing them to speak Chinese, and retaliated against them for complaining about discrimination. The restaurant denied the allegations of discrimination and wrongdoing contained in the lawsuit. As part of the settlement, EEOC and the restaurant agreed to provide training for employees and managers, and monetary compensation for employees who the EEOC determines were subject to discrimination. If you worked at the Minado® restaurant in Carle Place, Long Island, at any time between May 2003 and January 31, 2007 and believe you experienced discrimination or retaliation because of your Chinese origin, please contact Stella N. Yamada at (212) 336-3689 or Kenneth An at (617) 565-2141 as soon as possible, no later than 30 days from the beginning date of publication, as you may be entitled to compensation from the settlement. You should know that it is unlawful for your employer to retaliate against you for your participation in this settlement.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 11th Floor
New York, New York 10004-2112
Telephone: (212) 336-3620
TDD: (212) 336-3622
General FAX: (212) 336-3625

## NOTICE TO EMPLOYEES OF JAPANESE FOOD SOLUTIONS INC.

This notice is being posted pursuant to a Consent Decree entered into between Japanese Food Solutions Inc. ("JFSI") and the United States Equal Employment Opportunity Commission ("EEOC"), in resolution of Case No. 05-4482 filed in the Eastern District Court of New York. In that lawsuit, EEOC alleged that JFSI violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq. ("Title VII"), by engaging in national origin discrimination against employees of Chinese descent, including, but not limited to, maintaining an English-only Rule that was enforced only against employees of Chinese descent, and by engaging in retaliation. <u>The parties entered into this Consent Decree voluntarily and without there being any findings of fact, any ruling or decision by the Court.</u>

Federal law and the Consent Decree prohibit discrimination against any individual because of his or her national origin in any and all aspects of the employment relationship, such as hire, pay, promotion, assignments, hours, and any other terms, conditions or privileges of employment.

Federal law and the Consent Decree also prohibit retaliation against any individual by an employer because the individual complaints of discrimination, cooperates with the government's investigation of a charge of discrimination, participates as a witness or potential witness in litigation, or otherwise exercises his or her rights under the law.

Pursuant to the Consent Decree, JFSI has agreed to rescind its English language policy. JFSI has further agreed to implement an anti-discrimination policy and a complaint procedure and to provide training to all staff.

Should you have any complaints of discrimination, you may contact the
    Equal Employment Opportunity Commission
    33 Whitehall Street, 11th Floor
    New York, New York 10004-2112
    (212) 336-3620, (800) 669-4000

<u>THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED BY ANYONE.</u>
This notice must remain posted until three years from the date of posting and may not be altered, defaced or covered by any other material.

Exhibit C

# POLICY PROHIBITING DISCRIMINATION AND RETALIATION

The Company is committed to a policy of equal employment opportunity for all its employees and applicants for employment under the requirements of applicable federal, state, and local laws. It is our policy to provide equal employment opportunity without unlawful discrimination in regards to race, creed, color, religion, sex, national origin, age, disability, marital status, sexual orientation, or any other classification protected by applicable federal, state, or local law. Equal Employment Opportunity applies to all personnel practices and decisions, including (but not limited to) recruitment, hiring, training, promotion, termination, leaves of absence, compensation, discipline, evaluation, benefits and transfers. Any discrimination in the workplace based upon membership in any protected classification is illegal and against Company policy. If you are aware of any violation of this policy, you are urged to report it under the complaint procedure set forth below. It is against the law and Company policy for any person to be retaliated against for opposing discrimination, for making a complaint of discrimination, or for assisting or supporting another employee with regard to a complaint of discrimination. In addition to this policy, the Company maintains a separate policy prohibiting workplace harassment, which may apply as well.

## Complaint Procedure

If you believe that you have been subjected to discrimination in violation of this policy, you have a right to file a complaint with the Company and are urged to do so promptly. This may be done orally or in writing.

Any complaint alleging violation of this policy should be brought to the attention of your General Manager. If you do not feel comfortable in reporting the problem to your General Manager, you may bring it immediately to the attention of the Company by calling the Company's Confidential Employee Hotline at (201) 585-2022. This telephone number will accept a recorded message from any Company employee and your message will be retrieved by a Company officer and responded to within two business days. In order to facilitate a prompt investigation and resolution of the problem, you are urged to provide your full name and a telephone number where you may be reached during non-working hours.

Once a complaint is received, a record of the complaint will be made. The Company will, where warranted, investigate and attempt to resolve, in a timely and effective manner, all complaints of violations of this policy. Investigation may include interviews with the person making the complaint as well as with others having knowledge of the situation giving rise to the complaint. You may be asked to provide a written statement of the complaint to assist in our investigation.

If discrimination is found to have occurred, appropriate action remedying the situation will be taken. In addition, appropriate disciplinary action, up to and including termination of employment of persons found to have violated this policy, will be taken. Once an investigation under this policy is completed, the Company will so inform the person making the Complaint such detail as may, under the circumstances, be appropriate.

In addition to the complaint procedure outlined in this policy, any person wishing to pursue other avenues may contact the appropriate government agencies.